**In re Gregory Thomas HOWARD, Debtor.**

**Bankruptcy No. 94–30928.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Aug. 18, 1994.

---

**28.** Given the court's decision, it is unnecessary to address the abstention issue.

H. Buswell Roberts, Jr., Trustee, Toledo, OH.

Gregory Thomas Howard, pro se.

Robert W. Rowley, Toledo, OH, for State Teachers Retirement Bd. of Ohio.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Debtor's Motion to Avoid Lien pursuant to 11 U.S.C. § 522(f). The Court has reviewed the documents submitted and the relevant case law, as well as the entire record in this matter. Based upon that review, and for the following reasons, the Court finds that the Debtor's Motion should be **DENIED.**

### FACTS

In December of 1979, the Debtor entered into a mortgage agreement with Chemical Mortgage Co. (hereafter "Chemical"). Subsequently, Chemical assigned this mortgage to the State Teachers Retirement Board of Ohio (hereafter "STRB"). According to STRB, the Debtor has made no payments toward this mortgage since September 27, 1993, and the Debtor is in arrears for the amount of Six Thousand Six Hundred Eighty Two and 54/100 Dollars ($6,682.54). On April 20, 1994, the Debtor filed for bankruptcy under chapter seven of the bankruptcy code. Now the Debtor claims that the lien of STRB impairs an exemption he is entitled to under 11 U.S.C. § 522.

### LAW

The relevant law reads in part as follows:

**11 U.S.C. § 101**

(36) "judicial lien" means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding

**11 U.S.C. § 522**

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

### DISCUSSION

Determinations of the validity, extent, or priority of liens is a core proceeding pur-

suant to 28 U.S.C. § 157(b)(2)(k). The case at bar is a core proceeding.

The threshold issue in any Motion to Avoid Lien under 11 U.S.C. § 522 is to determine if the lien in question is a type of lien that the code allows a Debtor to avoid. Only two kinds of liens are covered by section 522(f) and avoidable by a debtor: a judicial lien, and a nonpossessory, nonpurchase-money security interest in certain goods.

The mortgage that the Debtor has with STRB is not one of the specified goods listed in 11 U.S.C. § 522(f)(2). Thus, the Debtor in this case can only avoid the lien of STRB if it can be defined as a judicial lien in accordance with 11 U.S.C. § 522(f)(1).

Conveniently, 11 U.S.C. § 101(36) provides the definition of a judicial lien. This section of the code defines a judicial lien as a lien obtained by judgment or other legal proceeding.

In the case at bar, the Debtor failed to demonstrate that the lien of STRB qualifies as a judicial lien. Therefore, the option of lien avoidance under 11 U.S.C. § 522(f) is not available to the Debtor under the circumstances of this case.

Accordingly, it is

**ORDERED** that the Debtor's Motion to Avoid Lien be, and is hereby, DENIED.